**IN THE COURT OF APPEALS OF IOWA**

No. 23-1795
Filed January 24, 2024

**IN THE INTEREST OF L.P.,**
**Minor Child,**

**A.P., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Crawford County, Kristal L. Phillips,

District Associate Judge.

A mother appeals the termination of her parental rights to a child.

**AFFIRMED.**

Justin F. Reininger of Boerner & Goldsmith Law Firm, P.C., Ida Grove, for

appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

Kelsea M. Hawley of Minnich, Comito, & Neu, P.C., Carroll, attorney and

guardian ad litem for minor child.

Considered by Chicchelly, P.J., Buller, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**CHICCHELLY, Presiding Judge.**

A mother appeals the termination of her parental rights to a child born in 2014. She challenges the evidence showing the child cannot be returned to her care and argues the State failed to make reasonable efforts to return the child to her custody. After reviewing the record de novo, *see In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010), we affirm.

The family has a long history of involvement with the Iowa Department of Health and Human Services (HHS), which investigated allegations of drug use, child abuse, and domestic violence in the home. After the child witnessed the mother's boyfriend, Z.S., fighting his father in December 2021, the State began child-in-need-of-assistance (CINA) proceedings. The child remained in the mother's home until April 2022, when concerns about Z.S.'s methamphetamine use and the mother's protective capabilities caused the juvenile court to remove the child from the mother's custody.

In the year following the CINA adjudication and removal, little changed. Despite further incidents of domestic violence, the mother continued her romantic relationship with Z.S, claiming he was "one of the most positive support systems that [she has] outside of [her] mom." The HHS offered Z.S. services, but he refused to participate and was arrested on drug charges. In its May 2023 permanency order, the juvenile court found that more time would not change the outcome of the CINA proceedings and ordered the State to petition for termination of parental rights. Five days after the State filed the termination petition, it placed the child with a former stepmother and half-sibling in the State of Nevada. The

court held the termination hearing in August before terminating the mother's parental rights under Iowa Code section 232.116(1)(e) and (f) (2023).[1]

The mother challenges the termination of her parental rights, arguing that the evidence shows the child could be returned to her care at the time of the termination hearing. She also argues that the State failed to make reasonable efforts under section 232.102(7).[2] Even limiting our review to section 232.116(1)(f), we must consider both issues. *See* Iowa Code § 232.116(1)(f)(4) (allowing termination if there is "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019) (stating that the reasonable-efforts requirement impacts the State's burden of proving the children cannot be safely returned home and is not a strict substantive requirement for termination). In doing so, we are convinced that the child could not be returned to the mother's care at the time of the termination hearing. Because the evidence supports terminating the mother's parental rights under Iowa Code section 232.116(1)(f), we affirm.

**AFFIRMED.**

---

[1] The court also terminated the father's parental rights, but he does not appeal.

[2] The mother argues that the child's out-of-state move hindered reunification efforts. But that move occurred after permanency and the State's filing of the termination petition. Although the obligation to provide reasonable efforts continues until a final written termination order, the State need not make reasonable efforts toward *reunification* in some situations. *In re L.T.*, 924 N.W.2d 521, 528 (Iowa 2019). "Our caselaw has recognized that the interests of the child take precedence over family reunification." *Id.* at 529.